**Kramer Levin**   MEMO ENDORSED 

**Izabel P. McDonald**
Special Counsel
T  212.715.9160
F  212.715.8160
imcdonald@KRAMERLEVIN.com

1177 Avenue of the Americas
New York, NY 10036
T  212.715.9100
F  212.715.8000

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2023

October 6, 2023

VIA ECF

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

RE:   *Crespo v. Kramer Levin Naftalis & Frankel LLP*, No. 23-CV-7304 (VEC)

Dear Judge Caproni:

I write on behalf of Defendant Kramer Levin Naftalis & Frankel LLP ("Defendant"). Pursuant to Federal Rule of Civil Procedure 5.2(e)(1), Defendant respectfully requests that the Court issue an order requiring that the currently-filed complaint with attachments (ECF No. 1) be removed from the docket and refiled with redactions of four cell phone numbers and one email address. On October 5 I called Plaintiff Yajaira V. Crespo ("Plaintiff"), who has filed this action *pro se*, and asked for her consent to this request, but Ms. Crespo refused to consent.

Plaintiff's complaint was filed with attachments, one of which contains a list of five employees and former employees of Defendant. ECF No. 1 at p. 12. The document also lists the personal cell phone numbers of four of those individuals and the personal email address of one of them. Defendant proposes redactions of only the cell phone numbers and the email address on page 12 of Plaintiff's complaint and attachments in order to protect the privacy interests of those non-parties.

The proposed redactions are appropriate under the two-part test outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–21 (2d Cir. 2006) (instructing the Court first to determine the "weight to be given to the presumption of access" by considering the role the material plays in the Court's exercise of its Article III judicial power, and then to "balance the competing considerations" against that weight, including, but not limited to, "the privacy interests of those resisting disclosure"). A presumption of public access applies to "judicial documents," defined by *Lugosch* as "relevant to the performance of the judicial function and useful in the judicial process." 435 F.3d at 119. To overcome the presumption of public access, a party must "demonstrate[e] that closure is essential to preserve higher values and is narrowly tailored to preserve that interest." *Id.* at 120.

The Honorable Valerie E. Caproni
October 6, 2023



  Defendant proposes redaction of personal cell phone numbers and an email address in one of the attachments to the complaint to protect the privacy interests of Defendant's employees and former employees, who are named in that document. Redaction of this information is appropriate because protecting the privacy of individuals' personally identifying information overcomes the presumption of public access under the relevant case law. *See, e.g.*, *In re Mindbody, Inc. Sec. Litig.*, No. 1:19-cv-08331-VEC (ECF 92, S.D.N.Y. Aug. 9, 2021) (granting Defendants' request to redact personal emails and phone numbers contained in exhibits to a filing because "protecting the privacy of the individuals' personal identifying . . . information . . . overcome[s] the presumption of public access under the relevant case law); *Valassis Commc'ns., Inc. v. News Corp.*, No. 17-CV-7378-PKC, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (granting Defendant's motion to redact personal identifying information and holding "that the personal privacy interests of the relevant third-party individuals in information including personal cell phone numbers and home addresses outweighs the presumption of public access"). The email and phone numbers of the individuals named in the attachment to the complaint are not germane to Plaintiff's claims in this action. Moreover, the proposed redactions are narrowly tailored to preserve the privacy interests of the non-parties.

  For the foregoing reasons, Defendant respectfully requests that the Court order the currently-filed complaint with attachments be removed from the docket and that Plaintiff refile the complaint with the limited redactions proposed herein. We appreciate the Court's consideration of this matter and are available should there be any questions.

Respectfully submitted,

*/s/ Izabel P. McDonald*

Izabel P. McDonald

cc: Yajaira V. Crespo (*via ECF*)
   Kevin B. Leblang, Esq.

---

Application GRANTED. Upon consideration of Defendant's letter motion, Dkt. 9, and Plaintiff's response, Dkt. 10, the Court finds that the personal privacy interests of the non-parties listed on page 12 of the Complaint outweigh the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–21 (2d Cir. 2006).

The Clerk of Court is respectfully directed to restrict the entry at Docket 1 to the Court and to the parties.

The Court will re-file on Ms. Crespo's behalf the Complaint with the phone numbers and email address on page 12 redacted.
 SO ORDERED.

*[signature: Valerie Caproni]*   10/10/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

KL3 3663849.3